UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 25-21966-CIV-BECERRA

GLOBAL IP HOLDINGS, LLC,

    Plaintiff,

v.

AYR WELLNESS, INC.,

    Defendant.
_____/

### DEFENDANT AYR WELLNESS, INC.'S ANSWER TO PLAINTIFF GLOBAL IP HOLDINGS, LLC'S COMPLAINT

Defendant AYR Wellness, Inc. ("Defendant" or "AYR"), hereby provides its Answer and Affirmative Defenses to Plaintiff Global IP Holdings, LLC's ("Plaintiff" or "Global IP") Complaint for Patent Infringement ("Complaint"). To the extent that any allegation contained in the Complaint is not specifically admitted, it is denied. AYR denies that Plaintiff is entitled to the relief requested in the Complaint, or to any other relief.

### COMPLAINT FOR PATENT INFRINGEMENT[1]

1. Plaintiff Global IP Holdings, LLC ("Global IP" or "Plaintiff"), by and through its undersigned counsel, alleges as follows for its Complaint against Defendant AYR Wellness, Inc. ("AYR" or "Defendant").

**RESPONSE:** AYR admits that Plaintiff purports to allege the following, but denies any and all allegations of infringement and denies that Plaintiff is entitled to any relief.

---

[1] For ease of reference, AYR has adopted the headings used in Global IP's Complaint. To the extent these headings contain any allegations to which a response is required, AYR denies any such allegations.

## THE NATURE OF THIS ACTION

2. Plaintiff brings this action against Verano pursuant to 35 U.S.C. § 1, et. seq. including without limitation 35 U.S.C. §§ 271, 281, 283, 284, & 285 inclusive, based on Defendant's unauthorized use of the patented processes described in U.S. Patent Nos. 10,507,407 and 10,814,248 (collectively, "the Patents-in-Suit"). Defendant has infringed the Patents-in-Suit, thereby necessitating this lawsuit.

**RESPONSE:** AYR admits that Plaintiff's Complaint purports to arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR further denies that "Plaintiff brings this action against Verano." AYR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies them.

## THE PARTIES

3. Plaintiff is a California limited liability company having a principal address at 12400 Ventura Blvd., #635, Studio City, California 91604. Plaintiff is the owner of the Patents-in-Suit by assignment.

**RESPONSE:** AYR lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4. Defendant AYR Wellness Inc. is a Canadian corporation with U.S. headquarters at 2601 South Bayshore Drive, Suite 900, Miami, FL 33133 in this judicial district. On information and belief, AYR operates a number of subsidiaries located throughout the United States that process cannabis plant material and cannabis products for sale throughout the United States. AYR and/or its

subsidiaries use the patented process and makes, uses, offers to sell, and sells products made using the patented process throughout the United States.

**RESPONSE:** AYR admits that it is a Canadian corporation. AYR denies that it has U.S. headquarters at 2601 South Bayshore Drive, Suite 900, Miami, FL 33133 ("Bayshore Address"). AYR admits that the Bayshore Address is in this judicial district. AYR admits that it operates a number of subsidiaries located throughout the United States. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR denies any remaining allegations in Paragraph 4.

5.  On information and belief, Sira Naturals, Inc. ("Sira") is a wholly-owned subsidiary of AYR based in Massachusetts. On information and belief, in or about August 2024 began doing business as "AYR Massachusetts."

**RESPONSE:** AYR admits that Sira Naturals, Inc. is a wholly-owned subsidiary of AYR. AYR admits that AYR does business in certain of its dispensaries in Massachusetts as "AYR Massachusetts." AYR otherwise denies any remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.  This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 271 et seq.

**RESPONSE:** AYR admits that Plaintiff's Complaint purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the patents asserted in this action and denies that Plaintiff is entitled to any relief.

7. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question.

**RESPONSE:** Paragraph 7 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent is a response is required, AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the patents asserted in this action and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 7.

8. This Court has personal jurisdiction over the Defendant because AYR has a regular and established place of business in this district at 2601 South Bayshore Drive, Suite 900, Miami, FL 33133.

**RESPONSE:** Paragraph 8 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent a response is required, AYR does not contest, at this time and for purposes of this action only, that AYR is subject to this Court's personal jurisdiction. AYR otherwise denies any remaining allegations in Paragraph 8.

9. Venue is proper in this District for Defendant pursuant to 28 U.S.C. §§ 1400(a), 1400(b) and because Defendant maintains a regular and established place of business in this District and has committed acts of infringement, including practicing the patented process, as well as the development, support, use, sale, and offers to sell products produced using infringing processes.

**RESPONSE:** Paragraph 9 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent a response is required, AYR does not contest, at this time and for purposes of this action only, that venue is proper. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any patent asserted in this

4

action and denies that Plaintiff is entitled to any relief. AYR denies any remaining allegations of Paragraph 9.

## THE PATENTS-IN-SUIT

10. On December 17, 2019, United States Patent No. 10,507,407 ("the '407 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '407 patent is attached hereto as **EXHIBIT A.**

**RESPONSE:** AYR admits that the '407 Patent is titled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" and states on its face that it issued December 17, 2019. AYR admits that what purports to be a copy of the '407 Patent is attached to the Complaint as Exhibit A. AYR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11. The '407 Patent claims patent-eligible subject matter and is valid and enforceable. 11. Plaintiff is the exclusive owner by assignment of all rights, title, and interest in the '407 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '407 Patent.

**RESPONSE:** Paragraph 11 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent a response is required, AYR denies the validity of the patents asserted in this action. AYR lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 11 and therefore denies them.

5

12. Defendant is not licensed to the '407 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '407 patent whatsoever.

**RESPONSE:** Denied.

13. On October 27, 2020, United States Patent No. 10,814,248 ("the '248 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '248 patent is attached hereto as **EXHIBIT B**.

**RESPONSE:** AYR admits that the '248 Patent is titled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" and states on its face that it issued October 27, 2020. AYR admits that what purports to be a copy of the '248 Patent is attached to the Complaint as Exhibit B. AYR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore denies them.

14. The '248 Patent claims patent-eligible subject matter and is valid and enforceable.

**RESPONSE:** Paragraph 14 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent a response is required, AYR denies the validity of the patents asserted in this action.

15. Plaintiff is the exclusive owner by assignment of all rights, title, and interest in the '248 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '248 Patent.

**RESPONSE:** AYR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. Defendant is not licensed to the '248 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '248 patent whatsoever.

**RESPONSE:** Denied.

17. Together, U.S. Patent No. No. 10,507,407 and U.S. Patent No. 10,814,248 are referred to as the "Asserted Patents."

**RESPONSE:** Paragraph 17 of the Complaint does not contain an allegation to which a response is required. To the extent a response is required, AYR denies the allegations contained in Paragraph 17.

18. At all times, Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

**RESPONSE:** Paragraph 18 of the Complaint constitutes a legal conclusion to which no response is necessary. To the extent a response is required, AYR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and therefore denies them.

19. As set forth below and in the attached claim charts, Defendant AYR, by itself or through its subsidiaries, practices the claims of the '407 Patent and the '248 Patent. By way of example, the attached claim charts describe the production process used by AYR's subsidiary corporation Sira (or AYR Massachusetts).

**RESPONSE:** Denied.

## DEFENDANT'S INFRINGING ACTIVITIES

20. Defendant's infringing activities include extraction of compounds including cannabinoids from hemp plant substrate using the methods claimed in the Asserted Patents.

**RESPONSE:** Denied.

21. For example, Defendant — through its Sira subsidiary — uses the ExtractionTek (formerly Delta Separations) Cup 15 Ethanol Extraction System equipment to accomplish extraction of compounds including cannabinoids from hemp plant substrate. As described Defendant the Sira method using this equipment infringes one or more claims of each of the Asserted Patents. The method employed by Defendant using the Cup 15 equipment is referred to herein as the Accused Method.

**RESPONSE:** AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 21.

22. On information and belief, Defendant AYR makes adjustments to the Accused Method in connection with extracting compounds including cannabinoids from hemp plant substrate. The Accused Method nevertheless remains an infringing method in all relevant respects as described herein and in the attached claim charts, despite any such adjustments to the Accused Method.

**RESPONSE:** AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 22.

23. Publicly available materials that describe certain aspects of the Accused Method are published by AYR and/or Sira at https://www.youtube.com/watch?v=DHO2XgDBoLM; by ExtractionTek at https://extractiontek.com/equipment/the-cup-series-ethanol-alcohol-extraction-system-2/; and by equipment distributors or sellers at https://www.scisolinc.com/wp-content/uploads/2021/09/Delta_Separations_CUP-30_SpecSheet.pdf and https://extractiontek.com/equipment/the-cup-series-ethanol-alcohol-extraction-system-2/

**RESPONSE:** Denied.

24. AYR, through at least its subsidiary Sira, uses the equipment to perform ethanol extraction of cannabinoids. The process excludes the use of liquid carbon dioxide. AYR uses ethanol or an ethanol-based solvent in the Accused Method.

**RESPONSE:** AYR admits that Paragraph 24 contain generalized high level information about the extraction of cannabinoids. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 24.

25. As described by the equipment manufacturer, the CUP 15 equipment claims a low temperature rating to -40C" during the extraction process. The Accused Method includes pre-processing comprising lowering the temperature of the solvent to a range of -30 degrees C to -50 degrees C.

**RESPONSE:** AYR admits that Paragraph 25 purports to describe certain elements of the extraction of cannabinoids. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 25.

26. During the Accused Method, Sira brings the cooled solvent into contact with the plant substrate to create an emulsion. This is done with the solvent at a temperature of between 30 degrees C to -50 degrees C. On information and belief, the solvent is cooled to -40 degrees C during this step of the Accused Method.

**RESPONSE:** AYR admits that Paragraph 26 purports to describe certain elements of the extraction of cannabinoids. AYR denies that it infringes (literally and/or under the doctrine of

equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 26.

27.     Defendant's Accused Method also includes a step of atmospheric evaporation of the solvent for reduction of the emulsion. Atmospheric evaporation is accomplished by use of a rotary evaporator or through a falling film evaporator which is responsible for splitting the ethanol solvent from the crude extract.

**RESPONSE:** AYR admits that Paragraph 27 of the Complaint purports to describe certain elements of the extraction of cannabinoids. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 27.

28.     The Accused Method also includes recovering of solvent from the emulsion. The CUP equipment used by Defendant in the Accused Method advertises that the "same 30 gallons of alcohol may be reused for multiple extractions." Further, Defendant states that they "will evaporate the ethanol which will recondense on this column, dropping out and concentrating the oil."

**RESPONSE:** AYR admits that Paragraph 28 of the Complaint purports to describe certain elements of the extraction of cannabinoids. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 28.

29.     Defendant's Accused Method also includes a step of purging under vacuum to remove remaining solvent from the extract whereby a resultory extract is substantially free of any

lipids and chlorophyll. The Accused Method employs a wiped film distillation system that purges under vacuum.

**RESPONSE:** AYR admits that Paragraph 29 of the Complaint purports to describe certain elements of the extraction of cannabinoids. AYR denies that it infringes (literally and/or under the doctrine of equivalents) any valid and enforceable claim of any of the Patents-in-Suit and denies that Plaintiff is entitled to any relief. AYR otherwise denies any remaining allegations in Paragraph 29.

30.     On information and belief, Southern Crop's Accused Method utilizes an ethanol solvent that is comprised of 95% ethanol and 5% of a solvent that does not comprise ethanol. As set forth in the accompanying declaration of Yevgeniy Galyuk, a 95/5 ethanol-based solvent is now in common use in the industry. See **EXHIBIT E.**

**RESPONSE:** AYR admits that what purports to be a declaration of a Yevgeniy Gayluk is attached as Exhibit E. AYR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and therefore denies them.

**COUNT I: DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407**

31.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

**RESPONSE:** AYR incorporates its responses to all preceding paragraphs, as if fully set forth herein.

32.     Defendant infringes at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1. A claim chart showing detailed allegations of how Defendant's process meets each element of claim 1 of the '407 Patent is attached hereto as **EXHIBIT C.** A declaration regarding the use of ethanol solvents relevant to the allegations of infringement of the claims of the '407 Patent is attached hereto as **EXHIBIT E.**

11

**RESPONSE:** Denied.

33. Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

**RESPONSE:** Denied.

34. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

**RESPONSE:** Denied.

35. Plaintiff has been damaged as the result of Defendant's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

**RESPONSE:** Denied.

**COUNT II: DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248**

36. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

**RESPONSE:** AYR incorporates its responses to all preceding paragraphs, as if fully set forth herein.

37. Defendant infringes at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1. A claim chart showing detailed allegations of how Defendant's process meets each element of claim 1 of the '248 Patent is attached hereto as **EXHIBIT D.** A declaration regarding the use of ethanol solvents relevant to the allegations of infringement of the claims of the '248 Patent is attached hereto as **EXHIBIT E.**

**RESPONSE:** Denied.

38. Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

**RESPONSE:** Denied.

39. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

**RESPONSE:** Denied.

40. Plaintiff has been damaged as the result of Defendant's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

**RESPONSE:** Denied.

41. On information and belief, Defendant's infringement of the '248 Patent has been willful and merits increased damages. Defendant's infringement has been willful since at least the date of the filing of this complaint.

**RESPONSE:** Denied.

42. Plaintiff has been damaged as the result of Defendant's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

**RESPONSE:** Denied.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent any response is required, AYR denies that Plaintiff should be granted any of the relief requested.

## DEMAND FOR JURY TRIAL

The jury demand requires no response.

## GENERAL DENIAL

To the extent any allegations in Plaintiff's Complaint are not specifically admitted, AYR denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, AYR alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and then only to the extent required by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, AYR reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

AYR does not and has not infringed any valid claim of any of the Global IP Holdings Patents either directly, by way of induced or contributory infringement, literally, and/or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

The Asserted Patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Limitation on Damages)

Plaintiff's claims for damages for infringement of the Asserted Patents are limited

14

pursuant to 35 U.S.C. § 286.

**FIFTH AFFIRMATIVE DEFENSE**
**(Patent Marking)**

Plaintiff's claims for damages for infringement of the Asserted Patents are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement. On information and belief, Plaintiff has failed to prove that it and/or any of its licensees complied with the patent marking requirements of 35 U.S.C. § 287 and *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017).

**SIXTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and/or Disclaimer)**

Plaintiff's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer. During the prosecution of the Asserted Patents, the patent application to which the Asserted Patents claim priority (U.S. Patent Application Nos. 16/023,531 ("the '531 Application") and 16/681,765 ("the '765 Application")), and the other patent applications related to the Asserted Patents, the United States Patent and Trademark Office ("USPTO") Examiners made rejections in view of the prior art. The Patentees made arguments, amendments, admissions, representations, and statements during those prosecutions to overcome those rejections and/or gain allowance of the claims. Plaintiff is estopped from construing the claims of the Asserted Patents to cover or include, either literally or under the doctrine of equivalents, products or methods that were surrendered because of arguments, amendments, admissions, representations, and/or statements made before the USPTO.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Ensnarement)**

Global IP's claims are barred or limited in whole or in part by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent

15

the scope of such equivalent would ensnare prior art.

### EIGHTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees and Costs)

Global IP cannot show this is an exceptional case and therefore has no basis to recovery of attorneys' fees and cannot recover as a matter of law under 35 U.S.C. § 285, the Court's inherent powers, or any other fee-shifting authority.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

On information and belief, to the extent that Global IP was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Global IP lacks standing to bring one or more claims in this lawsuit.

### TENTH AFFIRMATIVE DEFENSE
### (Actions of Others)

Global IP's claims are barred, in whole or in part, because AYR is not liable for the acts of others over whom it has no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Government Patent Use)

Global IP's remedies are limited under 28 U.S.C. § 1498(a). AYR is not liable to the extent the Accused Method was used or manufactured by or for the United States, and to the extent the Accused Method was used or manufactured by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, according to at least 28 U.S.C. § 1498.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Equitable Entitlement to Injunctive Relief)

Global IP is not entitled to injunctive relief at least because any alleged injury to Global IP is not immediate or irreparable, and Global IP has an adequate remedy at law for its claims. Global

IP will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

To the extent AYR is found to infringe any valid claims of the Asserted Patents (and AYR contends that it has and does not), such infringement was not willful.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Global IP's attempted enforcement of the Asserted Patents is barred, at least in part, by one or more of the doctrines of inequitable conduct, equitable estoppel, estoppel, acquiescence, laches, waiver, implied waiver, patent misuse, patent exhaustion, first sale, double recovery, full compensation, and/or unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, Defendant AYR prays for relief as follows:

A. That Plaintiff's Complaint against AYR be dismissed in its entirety with prejudice and that a judgment be entered in favor of AYR and against Plaintiff;

B. That Plaintiff take nothing by reason of its Complaint;

C. That the Court enter an order under 35 U.S.C. § 285, awarding AYR its reasonable attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

D. That AYR be granted all such other and further relief as the Court deems just and proper.

### JURY DEMAND

AYR demands a trial by jury on all claims and defenses so triable.

| | |
|---|---|
| Dated: August 1, 2025 | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Ardith Bronson*<br>Ardith Bronson, Esq.<br>Florida Bar Number: 423025<br>ardith.bronson@us.dlapiper.com<br>Jose M. Espinosa, Esq.<br>Florida Bar Number: 1030890<br>jose.espinosa@us.dlapiper.com<br>DLA Piper LLP (US)<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Telephone: (305) 423-8562<br><br>Matthew Satchwell, Esq.<br>Admitted *pro hac vice*<br>matthew.satchwell@us.dlapiper.com<br>DLA Piper LLP (US)<br>444 West Lake Street<br>Suite 900<br>Chicago, Illinois 60606<br>Telephone: (312) 368-2111<br><br>Meera Midha, Esq.<br>Admitted *pro hac vice*<br>meera.midha@us.dlapiper.com<br>DLA Piper LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, California 90067<br>Telephone: (310) 595-3300<br><br>*Counsel for Defendant AYR Wellness, Inc.* |